# Applicability of Emoluments Clause to "Representative" Members of Advisory Committees

The Emoluments Clause of the Constitution does not apply to "representative" members of advisory committees, that is, members who are chosen to present the views of private organizations and interests.

September 2, 1997

LETTER OPINION FOR THE GENERAL COUNSEL
UNITED STATES TRADE REPRESENTATIVE

This is in response to your inquiry about the application of the Emoluments Clause, U.S. Const. art. I, § 9, cl. 8, to members of advisory committees. The Clause forbids anyone "holding any Office of Profit or Trust" under the United States from accepting, without the consent of Congress, "any present, Emolument, Office, or Title, of any kind whatever, from any King, Prince, or foreign State."

In 1991, we expressed the categorical opinion that members of federal advisory committees hold offices of profit or trust within the meaning of the Clause. *Applicability of 18 U.S.C. § 219 to Members of Federal Advisory Committees*, 15 Op. O.L.C. 65, 68 (1991). However, we later receded from that sweeping view and concluded that "not every member of an advisory committee necessarily occupies an 'Office of Profit or Trust' under the Clause." Letter for Conrad K. Harper, Legal Adviser, Department of State, from Walter Dellinger, Assistant Attorney General, Office of Legal Counsel (Mar. 1, 1994). Later, we specifically determined that members of the State Department's Advisory Committee on International Economic Policy did not hold such offices because those members "meet only occasionally, serve without compensation, take no oath, and do not have access to classified information," and because "the Committee is purely advisory, is not a creature of statute, and discharges no substantive statutory responsibilities." *The Advisory Committee on International Economic Policy*, 20 Op. O.L.C. 123, 123 (1996).

In light of these refinements to our position, we now believe that "representative" members of advisory committees are not covered by the Clause. Such representatives are chosen to present the views of private organizations and interests. Under well-established precedents, a representative is not an "officer or employee" of the United States under the conflict of interest laws: " '[O]ne who is requested to appear before a Government department or agency to present the views of a non-governmental organization or group which he represents, or for which he is in a position to speak, *does not act as a servant of the Government* and is not its officer or employee.' " Memorandum to Heads of Departments and Agencies of the Executive Branch, from J. Jackson Walter, Director, Office of Government Ethics, *reprinted in* Informal Advisory Letters and Memoranda and

176

Formal Opinions 1979–1988, at 330 (1982) (quoting Memorandum of the President, *Preventing Conflicts of Interest on the Part of Special Government Employees* (May 2, 1963)). It would be exceedingly incongruous if, as we have concluded, special government employees on some advisory committees do not occupy offices of profit or trust under the Clause, but representatives who are not even employees are covered. Because representatives owe their loyalty to outside interests and are not "servant[s] of the Government," they do not, in our view, hold offices of profit or trust under the United States.

RICHARD L. SHIFFRIN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*